IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIM LEWARS | : | |
| | : | Civil Action No. |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| EFTEC NORTH AMERICA, LLC | : | |
| | : | |
| *Defendant*. | : | **JURY TRIAL DEMANDED** |
| | : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

1. Plaintiff, Jim Lewars is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 159 Marian Avenue, Southampton, PA 18966.

2. Defendant, EFTEC North America, LLC was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the State of Michigan, which maintains a registered office located at 20219 Northline Road, Taylor, Michigan 48180.  Defendant is a citizen of Michigan for purposes of diversity jurisdiction.

3. At all times material herein, the Defendant acted by and through its respective agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service and under the direct control of the Defendant.

4. At all times material herein, Defendant owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 20219 Northline Road, Taylor, MI 48180.

5. On or about January 16, 2014, and for a long time prior thereto, it was the duty of the Defendant, by and through its agents, servants, workmen, employees and/or other

representatives, to keep and maintain the premises located at 20219 Northline Road, Taylor, MI 48180 in a reasonably safe condition for business invitees, such as Plaintiff, on the premises.

6. On or about January 16, 2014, Plaintiff was lawfully on the Defendant's premises located at 20219 Northline Road, Taylor, MI 48180.

7. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. The amount in controversy in this action is in excess of Seventy-Five thousand ($75,000.00) dollars, exclusive of costs and fees.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction within this District.

## COUNT I
## PLAINTIFF, JIM LEWARS v. DEFENDANT
## NEGLIGENCE

10. Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of the within Complaint, inclusive as though same were fully set forth at length herein.

11. On or about January 16, 2014, Plaintiff was lawfully on the Defendant's premises located at 20219 Northline Road, Taylor, MI 48180 while in the course and scope of his employment for Linden Bulk Transportation, when suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the premises, Plaintiff slipped and fell on a patch of ice on a truck ramp causing him to sustain severe and permanent bodily injuries and losses more fully set forth at length herein.

12. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, by and through its respective agents, servants, workmen, employees and/or other representatives acting in their course of employment,

generally and in the following particular respects:

    a)     carelessly and negligently allowing ice to exist in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff;

    b)     carelessly and negligently failing to inspect the premises in such a manner as to identify defects and prevent potential bodily injury;

    c)     carelessly and negligently failing to recognize the dangerous condition of ice in Defendant's facility and failing to timely remove same;

    d)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to workers at the premises regarding routine inspections of its premises;

    e)     failure to insure that the premises could be traversed in a manner which would not cause a danger to potential visitors, such as the Plaintiff;

    f)     failing to adequately and timely repair or correct defects to said premises;

    g)     failing to correct a dangerous and hazardous condition of which Defendants were aware or should have been aware;

    h)     failing to warn business invitees, such as the Plaintiff, of the aforesaid dangerous condition; and

    i)     failing to barricade the dangerous condition of the patch of ice so that business invitees, such as the Plaintiff, could traverse the premises safely.

13.     Plaintiff in no manner contributed to his injuries which were the direct and proximate result of the Defendant's own negligence and or/carelessness.

14. As a result of the Defendant's aforesaid negligence, Plaintiff suffered severe injuries including, but not limited to, a torn quadriceps tendon requiring surgical repair and psychological injuries, as well as a severe shock to his entire nervous system.

15. Plaintiff has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

16. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

17. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

18. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

19. As a result of this accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a body function, dismemberment, and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable and severe.

20. As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

21. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

WHEREFORE, Plaintiff, Jim Lewars demands that the Court enter judgment in favor of Plaintiff and against Defendant, EFTEC North America, LLC, and award compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with interest, costs and attorneys' fees as may be

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues.

        Respectfully submitted,
        **SWARTZ CULLETON PC**

By:    **/s/Brandon Swartz**_____
        Brandon A. Swartz, Esquire
        Identification No.:    78344
        Scott E. Diamond, Esquire
        Identification No.:    93758
        547 E. Washington Ave.
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557
        Attorneys for Plaintiff

Date: